Citation Nr: 1212957 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 10-23 374 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Entitlement to service connection for a left ear hearing loss disability.

2. Entitlement to service connection for a right ear hearing loss disability.

3. Entitlement to service connection for tinnitus. 

4. Entitlement to service connection for right ear otalgia.


ATTORNEY FOR THE BOARD

Russell P. Veldenz, Associate Counsel










INTRODUCTION

The Veteran, who is the appellant, served on active duty from February 1969 to November 1970.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in November 2007 of a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran claimed service connection for hearing loss and the RO adjudicated the claim as bilateral hearing loss. Because the evidence indicates that the right ear hearing loss, if any, is a mixed hearing loss, but the left ear hearing loss, if any, is a sensorineural hearing loss, and as a different legal theory may apply, the Board has separately addressed hearing loss in each ear as set forth on the first page of the decision.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. 


REMAND

A review of the service treatment records shows that the Veteran was injured in service by shrapnel from a mortar while serving in Vietnam. The injuries included retained shrapnel near the right posterior parietal region above and behind the right ear. 






On separation examination, the Veteran's hearing bilaterally was within normal limits for VA purposes, that is, the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz was less than 40 decibels or the auditory thresholds at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz were below 26 decibels. 38 C.F.R. § 3.385. At 6000 Hz, however, a 30 decibel threshold in the left ear was recorded and the examiner noted a left ear hearing loss.

On VA examination in September 2007, the VA examiner noted the finding of a 30 decibel threshold in the left ear at separation from service, but did not offer an explanation as to the finding and its relationship, if any, to the Veteran's current level of hearing acuity in the left ear. In December 2010 on VA examination, the VA examiner concluded any current hearing loss in the left ear was less likely than not related to service as the separation examination showed normal hearing at the frequencies 500, 1000, 2000, 3000, and 4000 Hertz, and there was not any significant shift in the measured thresholds. The examiner did not define or explain what constitutes a "significant" shift, including the significance of 30 decibel threshold at 6000 Hertz. 

In April 2011, a VA physician expressed the opinion that there was a relationship between the current right ear hearing loss and service, but not to the left ear hearing loss. As for the right ear hearing loss, the physician noted the hearing loss in the Veteran's right ear was conductive and more likely than not due to trauma, but less likely than not due to trauma while the Veteran was in service. He based his opinion on the fact that the Veteran did not have a conductive hearing loss on separation examination.

As the evidence of record is insufficient to decide the causal relationship between the events and findings in service and hearing loss and tinnitus, further development under the duty to assist is needed.



On the claim of service connection for right ear otalgia, the Veteran has been treated at least once for otalgia in October 2005. As the evidence of record is insufficient to decide the causal relationship between the events and findings in service and right ear otalgia, further development under the duty to assist is needed.

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran an examination by a VA otologist or ear specialist to determine:

a). Whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), less likely than not (probability less than 50 percent) that any current right ear loss disability, either conductive or sensorineural or mixed hearing loss, and whether any left ear hearing loss disability, either conductive or sensorineural or mixed hearing loss is related to: 

i). Noise exposure in service; or 

ii). A complication of the retained shrapnel in the right posterior parietal region above and behind the right ear.

In formulating the opinion, the VA physician is asked to comment on:

iii). Whether or not there was a significant "threshold shift" during service between the audiogram on entrance and the audiogram on separation as indicative of some impaired hearing during service, 



iv). Whether or not the audiogram on separation was consistent with conductive hearing loss, 

v). What is the significance of the finding of a 30 decibel threshold at 600 Hertz on the separation audiogram and any current right or left ear hearing loss disability, and, 

vi). What is the clinical significance of the current structure of the ear canals and tympanic membranes as to any current right or left ear hearing loss disability?

b). Whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), less likely than not (probability less than 50 percent) that tinnitus is related to: 

i). Noise exposure in service; or, 

ii). A complication of the retained shrapnel in the right posterior parietal region above and behind the right ear.

In formulating the opinion, the VA physician is asked to consider that the Veteran is competent to describe symptoms of tinnitus during service or after, even though not documented in the service treatment records.



c. Does the Veteran have right otalgia, and, if so, whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), less likely than not (probability less than 50 percent) that the current right otalgia is related to: 
i). Noise exposure in service; or, 

ii). A complication of the retained shrapnel in the right posterior parietal region above and behind the right ear.

If, however, after a review of the record, an opinion is not possible without resort to speculation, the VA examiner is asked to clarify that the opinion cannot be rendered because there are other potential causes unrelated to the events in service, please identify the other potential etiologies, when the events in service are not more likely than any other etiology to cause any current hearing loss, tinnitus, or right otalgia and that an opinion is beyond what may be reasonably concluded based on the evidence of record and current medical knowledge. 

The Veteran's file should be made available to the examiner for review. 

2. After the above development has been completed, adjudicate the claims. If any determination remains adverse to the Veteran, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.




The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).